**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JOSE JESUS GONZALEZ PULIDO | CIVIL ACTION NO. 26-551 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| DEPTARTMENT OF HOMELAND SECURITY | MAGISTRATE JUDGE LEBLANC |

## <u>ORDER</u>

Pending before the Court is a motion for immediate release, R. Doc. 2, a motion to expedite consideration of the motion for immediate release, R. Doc. 3, and a motion for a temporary restraining order filed by the Petitioner, Jose Jesus Gonzalez Pulido, who proceeds *pro se.* R. Doc. 4.

The motion to expedite consideration of the motion for immediate release, R. Doc. 3, is **GRANTED IN PART** and **DENIED IN PART**. To the extent it seeks expedited review of the motion for immediate release, the motion is granted. To the extent it seeks expedited review of the petition for habeas corpus, the motion is denied. Furthermore, for the reasons below, the motion for immediate release, R. Doc. 2, and motion for a temporary restraining order, R. Doc. 4, are **DENIED**. The Petitioner also filed a petition for a writ of habeas corpus, R. Doc. 1, which is hereby **REFERRED** to the Magistrate Judge for further consideration and disposition.

First, Petitioner requests an order prohibiting his transfer to another facility in the United States. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th

Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Second, Petitioner requests an order prohibiting his removal from the United States. This Court does not have jurisdiction to consider challenges to a removal order. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *2 (5th Cir. Jan. 13, 2026) ("A request for a stay of removal is a challenge to a removal order."); *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (holding Federal courts lack jurisdiction over "claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or executive removal orders.") (internal quotations omitted).

Third, Petitioner's request for immediate release from immigration detention is denied because it mirrors the same relief sought in his habeas petition. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now…The Court will not allow Petitioner to commit an end-run around the habeas process." *Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025).

**DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of February, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**

2